STATE OF INDIANA     )        IN THE ST. JOSEPH SUPERIOR COURT
                   ) SS:
COUNTY OF ST. JOSEPH  )        CAUSE NO. 71C01 1405 PL000124

AARON, MACGREGOR &       )
ASSOCIATES, LLC and FUTURE  )
INTERNATIONAL, LLC,      )
                     )
      Plaintiffs,         )
                     )
      v.              )
                     )
ZHEJIANG JINFEI KAIDA WHEELS )
CO., LTD., FUTURE INDUSTRIAL & )
TRADING, INC., and GE BINGZAO, )
                     )
      Defendants.     )

- FILED -

MAY 13 2014

St. Joseph Circuit Court  Clerk

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiffs, Aaron, MacGregor & Associates, LLC ("AMA") and Future International LLC ("Future International") for their Complaint against Defendants, Zhejiang Jinfei Kaida Wheels Co., Ltd. ("Jinfei"), Future Industrial & Trading, Inc. ("Future Industrial"), and Mr. Ge BingZao state:

### Parties and Venue

1.    Plaintiff AMA is an Indiana limited liability company with its principle place of business in Elkhart, Indiana. AMA is in the business of purchasing vehicle parts, including wheel casings, for resale to retailers.

2.    Plaintiff Future International is an Indiana limited liability company with its principle place of business in Elkhart, Indiana. Future International is also in the business of purchasing vehicle parts, including wheel casings, for resale to retailers.

3.    Defendant Jinfei is a Chinese company with its principle place of business in Jinhua City, Zhejiang Province, China. Jinfei is in the business of manufacturing vehicle parts,

1

including aluminum alloy wheel casings. Jinfei conducts business in Indiana, including participating in meetings in Indiana, entering into contracts for work to be conducted in Indiana, shipping materials to Indiana, and overseeing a subsidiary in Indiana.

4.     Defendant Future Industrial is a domestic corporation incorporated in California with its principle place of business and registered agent in Mishawaka, Indiana. Future Industrial is in the business of selling vehicle parts, including aluminum alloy wheel casings, to retailers.

5.     Defendant Ge BingZao is a citizen of the People's Republic of China residing in Jinhua City, Zhejiang Province, China. Mr. Ge BingZao is the Chairman of Jinfei, and is both the incorporator and the registered agent of Future Industrial. Mr. Ge BingZao's address as registered agent for Future Industrial is 310-2 D Runaway Bay, Mishawaka, IN 46545, and his address as incorporator for Future Industrial is 3592 Rosemead Blvd., #220, Rosemead, CA 91776. Mr. Ge BingZao conducts business in Indiana, including participating in meetings in Indiana, entering into contracts for work to be conducted in Indiana, and overseeing a business in Indiana.

6.     This Court has jurisdiction over the Defendants pursuant to Indiana Trial Rule 4.4(A), including Rule 4.4(A)(1),(4), and (5).

7.     Venue in this Court is preferred pursuant to Indiana Trial Rule 75(A)(4).

**Factual Background**

8.     AMA was founded approximately ten years ago, and AMA's president and founder, Aaron Zou, has more than twenty years of experience buying and selling recreational vehicles and other motor products. AMA and Mr. Zou have cultivated business goodwill with vehicle components retailers, including tire retailers, recreational vehicle retailers, and others. AMA and Mr. Zou also had developed an understanding of the legal, tax, and business

2

environment and culture throughout the United States, and especially in Indiana, all of which is valuable expertise to foreign businesses.

     9.     In early 2011, Mr. Zou traveled to Jinhua City, China on behalf of AMA for a business conference. At the conference, Mr. Zou met the Chairman of Jinfei, Mr. Ge BingZao. The parties discussed how AMA could assist Jinfei to expand its market in the United States, starting with the recreational vehicle market in Elkhart.

     10.     After the 2011 meeting, the parties continued to communicate via email and telephone. The parties agreed that AMA would establish a new company called Future International LLC in Elkhart, Indiana.

     11.     On December 9, 2011, Future International LLC ("Future International") was created and registered with the Indiana Secretary of State. Mr. Zou was listed as AMA's registered agent.

     12.     In February 2012, Mr. Zou returned to Jinhua City and met with Mr. Ge BingZao. On February 26, 2012, Jinfei and AMA executed two contracts. Under the first contract, attached as Exhibit A, the parties agreed to invest in Future International. Pursuant to this contract ("Investment Contract"), the parties would invest $300,000 of registered capital into Future International, with Jinfei investing 90% ($270,000) and AMA investing 10% ($30,000). The parties agreed to share in the profits of the company according to their respective investments.

     13.     Under the second contract, attached as Exhibit B, the parties sought to expedite the process of setting up Future International while Jinfei obtained approval for investment into Future International from the Chinese government. This agreement ("Consultation Contract") obligated AMA to arrange for the lease of a house and a car, and obligated Jinfei to pay for these

expenses.  The agreement also obligated AMA to research suitable locations for a facility to conduct business.  In addition, the agreement provided that AMA would accompany Jinfei to visit customers and study the market.  The agreement stated that any accomplishment from these activities would be property of Future International.

14.     AMA upheld its responsibilities under these agreements by renting an apartment, entering into a two year lease on a Ford F150, and obtaining insurance for the Ford F150.  In addition, AMA arranged for numerous meetings with several large prospective US customers, thereby opening the door to potentially millions of dollars in sales.  Both AMA and Jinfei participated in these meetings, conducting business under the joint name of Future International.

15.     In contrast, Jinfei did not comply with its obligations under the agreements.  Jinfei never invested funds into Future International as promised.

16.     During the period from April to October 2012, AMA repeatedly inquired whether the Chinese government had granted approval for Jinfei to invest in Future International.  Jinfei repeatedly responded that it had not yet received such approval, which is required before a Chinese company can invest in a foreign company.  Yet contrary to Jinfei's representations, the Chinese government had approved Jinfei to invest funds into Future International on April 18, 2012.

17.     AMA waited to invest its funds into Future International, believing Jinfei's misrepresentation that the Chinese government had not yet granted approval for Jinfei to invest into Future International.  Although Jinfei knew that it had already obtained approval of the Chinese government, it never has upheld its obligation to invest funds into Future International, either.

18.     In late October 2012, the parties created a new contract.  Jinfei contacted AMA to request that AMA transfer its share of ownership in Future International to Jinfei.  At this time, Jinfei had not disclosed to AMA that the Chinese government had already approved the investment of funds into Future International over six months earlier.  Instead, Jinfei proposed that in exchange for AMA transferring its 10% interest in Future International, AMA would receive a monthly consulting fee of $4,000 for the next year (November 2012-November 2013), totaling $48,000.  Jinfei also requested that AMA continue leasing the Ford F150, but cease leasing the apartment.  AMA agreed to the proposal, provided that AMA also receive payment for its past consultation services from February to October 2012.  Jinfei agreed to compensate AMA for these months at $4,000/month for a total of $32,000, in addition to the monthly payment from November 2012 to November 2013.  Thus, the parties created a new contract ("October 2012 Contract"), attached as Exhibit C.

19.     Unbeknownst to AMA at the time, on January 31, 2013, Jinfei and Mr. Ge BingZao registered another company with the Indiana Secretary of State.  This company had the nearly identical name of Future Industrial & Trading Inc. ("Future Industrial"), and its registered agent and incorporator was listed as Mr. Ge BingZao.

20.     In April 2013, Jinfei sent AMA a draft contract attempting to renegotiate the terms of the parties' agreements.  AMA refused to accept Jinfei's new conditions.

21.     Jinfei never invested the $370,000 into Future International.  In addition, Jinfei has not paid AMA the $32,000 consulting fee for February 2012-October 2012; the $48,000 consulting fee for November 2012-November 2013; or payment on the balance of the Ford F150 lease and associated interest.  Future Industrial is retaining all of the profits generated by the customer contacts that AMA had created, without distributing any profits to AMA or Future

International. Future Industrial continues to conduct business under its name, which is confusingly similar to Future International.

## Count I: Breach of Investment Contract

*Plaintiffs incorporate each preceding paragraph by reference.*

22.     The Investment Contract is a valid and enforceable contract. See Exhibit A.

23.     The Investment Contract obligated Jinfei to invest $270,000 into Future International.

24.     Pursuant to the terms of the Investment Contract, the investment into Future International was to be made in accordance with the progress of the project. As the Consultation Contract (Exhibit B) explains, before a Chinese company can invest in a foreign company, the Chinese company must obtain approval from the government of the People's Republic of China.

25.     The Chinese government granted Jinfei approval to invest funds into Future International on April 18, 2012.

26.     However, despite receiving such approval, Jinfei never invested the $270,000 into Future International, thereby breaching the Investment Contract.

27.     AMA and Future International were damaged by Jinfei's breach of contract.

28.     Pursuant to the terms of the Investment Contract, AMA and Future International are entitled to recover attorney fees incurred as the result of bringing and prosecuting the present cause of action.

## Count II:  Breach of Consultation Contract

*Plaintiffs incorporate each preceding paragraph by reference.*

29.     The Consultation Contract was a valid and enforceable contract, and AMA has complied with its obligations under this contract. (Exhibit B).

6

30.     Jinfei breached its obligations under the Consultation Contract by failing to make full payment on the two year truck lease and associated insurance.

31.     The Consultation Contract also provided that any accomplishment from the customer meetings would be assets of Future International.

32.     However, the fruits of these meetings did not become assets of Future International.  Instead, the customer contacts developed by AMA's efforts were diverted to Future Industrial, in breach of the Consultation Agreement.

33.     AMA and Future Industrial were harmed by these breaches.

### Count III:  Breach of October 2012 Contract

*Plaintiffs incorporate each preceding paragraph by reference.*

34.     The October 2012 Contract (Exhibit C) was a valid and enforceable contract and AMA has complied with its terms.

35.     Under the October 2012 Contract, Jinfei was obligated to pay AMA $32,000 for consulting services from February to October 2012; $48,000 for consulting services from November 2012 to November 2013; and to continue paying on the Ford F150 lease and insurance.

36.     Jinfei breached this contract by failing to make these payments.

37.     AMA was harmed by this breach.

### Count IV:  Breach of Fiduciary Duty

*Plaintiffs incorporate each preceding paragraph by reference.*

38.     As partners in a joint venture and co-members in an LLC, AMA and Jinfei were in a fiduciary relationship.

7

39.     Jinfei breached its fiduciary duty by continuously misrepresenting that Jinfei had not obtained approval from the Chinese government to invest funds in Future International, even though Jinfei had in fact received such approval on April 18, 2012.

40.     Jinfei further breached its fiduciary duty by misrepresenting to AMA that it would compensate AMA for introducing Jinfei to customers and advising Jinfei on the local legal, tax, and business environment and culture.

41.     Jinfei further breached its fiduciary duty by diverting to Future Industrial customers and business opportunities that contractually and equitably belonged to Future International.

42.     AMA and Future International were harmed by these breaches.

### Count V:  Unjust Enrichment

*Plaintiffs incorporate each preceding paragraph by reference.*

43.     AMA worked for Jinfei and Future International from February 2012 to October 2012, providing consulting services.  AMA drew upon its years of goodwill in the vehicle parts industry to arrange for and participate in numerous meetings with large prospective U.S. customers.  AMA also provided advice on the local legal, tax, and business environment and culture.  In addition, AMA rented an apartment and a vehicle and obtained insurance for the vehicle.

44.     Jinfei and Future Industrial requested that AMA perform these activities through the Investment Contract and the Consultation Contract, and through numerous emails and oral conversations.

45.     Jinfei and Future Industrial have retained the benefit of AMA's work.

46.     AMA expected compensation for its work, but has not been compensated.

8

47.     Allowing Jinfei and Future Industrial to retain the benefit of AMA's work without compensation would be unjust.

### Count VI:  Unfair Competition

*Plaintiffs incorporate each preceding paragraph by reference.*

48.     By 2012, AMA and Mr. Zou had developed a substantial degree of goodwill in the vehicle parts industry through years of hard work and positive dealings in Indiana.

49.     Mr. Zou, on behalf of AMA, set up and participated in meetings between Future International and potential customers.  In so doing, Mr. Zou and AMA transferred some of their goodwill to Future International.  Customers thereby came to associate Future International with Mr. Zou and AMA.

50.     Mr. Ge BingZao established Future Industrial on January 31, 2013.  According to the Indiana Secretary of State's website, Mr. Ge BingZao is listed as both the registered agent and the principal for Future Industrial.

51.     Future Industrial's name is confusingly similar to Future International.  This confusion is compounded by the fact that many of the same individuals whom AMA introduced as being part of Future International now work at Future Industrial instead.

52.     The natural and probable consequence of adopting the Future Industrial name is to create customer confusion by falsely suggesting that Future Industrial is associated with Future International and with Mr. Zou and AMA.

53.     AMA and Future International have been damaged by the customer confusion created between the Future International and Future Industrial names.

### Count VII:  Federal Trademark Infringement and False Designation of Origin

*Plaintiffs incorporate each preceding paragraph by reference.*

9

54.    Future International is a protected mark under the Lanham Act.

55.    Future Industrial's mark is confusingly similar to Future International's mark, such that customers of Future International are likely to confuse Future Industrial's products or services with those of Future International.

56.    Mr. Ge BingZao, as incorporator and registered agent of Future Industrial, actively and knowingly caused the confusion, mistake, or deception created by use of the Future Industrial mark.

WHEREFORE, Plaintiffs, AMA and Future International, seek judgment in their favor and against Defendants, Jinfei, Future Industrial, and Mr. Ge BingZao for damages and interest as provided for by law, and for all other relief just and proper in the premises.

### REQUEST FOR TRIAL BY JURY

Plaintiffs, AMA and Future International, by counsel, hereby respectfully request that the above-matter be tried by a jury.

Respectfully submitted,

**LEWIS & KAPPES**, P.C.

Thomas R. Ruge, Atty No. 6151-49
Tabitha L. Balzer, Atty No. 29350-53

LEWIS & KAPPES, P.C.
One American Square, Suite 2500
Indianapolis, Indiana 46282-0003
Telephone:    (317) 639-1210
Facsimile:    (317) 639-4882
Email: TRuge@Lewis-Kappes.com
         TBalzer@Lewis-Kappes.com

Exhibit A

# FUTEUR INTERNATIONAL LLC 合作意向书

签订地点：浙江\*金华

甲方：浙江今飞凯达轮毂股份有限公司

乙方：Aaron, MacGregor&Associates, LLC

鉴于：

甲方系中华人民共和国境内专业的铝合金汽车铝轮生产、制造、销售企业，公司在中华人民共和国浙江省金华市设立，并申领了号码为 330700400000296 的营业执照；

乙方系按照美国法律设立并存续的企业，并申领了号码为 20-1803119 的商业登记证书，且乙方熟悉美国的经营环境，特别是印第安纳州的法律、税务、商业环境。

经甲乙双方友好协商，双方作为共同投资人（以下简称"共同投资人"），根据中华人民共和国法律、法规的规定，本着互惠互利的原则，就甲乙双方合作投资设立美国 FUTEUR INTERNATIONAL LLC（飞驰国际有限责任公司，下称公司）事宜达成如下协议，供双方遵守：

第一条　公司的主要业务、投资额及注册资本

甲、乙双方同意，由双方共同注册成立的 FUTEUR INTERNATIONAL LLC 公司主要负责推广甲方产品。公司投资总额为 500 万美元。其中注册资本为 30 万美元，甲方出资 27 万美元，占总额的 90%；乙方出资 3 万美元，占出资总额的 10%。双方根据项目进度以美元投入。

第二条　利润分享和亏损分担

共同投资人按其出资额占出资总额的比例分享共同投资的利润，



分担共同投资的亏损。

共同投资人各自以其出资额为限对公司承担责任。

共同投资人的出资形成的股份及其孳息为共同投资人的共有财产，由共同投资人按其出资比例共有。

共同投资人出让其所持有的公司股份后，由新的各共同投资人有权按其出资比例取得财产。

第三条  各方主要职责

FUTURE INTERNATIONAL LLC. 主要经营范围为铝合金车轮以及其他汽车、摩托车配件的销售，主要代表甲方开拓美国拖车轮市场、OEM市场以及售后市场，并做好各市场的客户维护，新产品开发服务。

甲方职责：负责委派公司管理人员、销售人员和技术人员，负责公司的日常经营管理及技术支持，负责国内的人员支持、生产支持、技术支持；

乙方职责：负责协助甲方做好美国当地政府部门、税务部门、劳务公司等的联系和沟通，为公司争取政策上的优惠以及与相关部门日常沟通上的协助；负责为公司人员在美国各项业务的开展提供一切必要的支持。

第四条  事务执行

1.共同投资人委托甲方代表全体共同投资人执行公司的日常事务，包括但不限于：

(1)在公司设立阶段，行使及履行作为公司发起人的权利和义

务：

（2）在公司成立后，行使其作为公司股东的权利、履行相应义务；

（3）收集共同投资所产生的孳息，并按照本协议有关规定处置；

2.其他投资人有权检查日常事务的执行情况，甲方有义务向其他投资人报告共同投资的经营状况和财务状况；

3.甲方执行共同投资事务所产生的收益归全体共同投资人，所产生的亏损或者民事责任，由共同投资人承担；

4. 共同投资的下列事务必须经全体共同投资人同意：

（1）转让公司股份；

（2）以上述股份对外出质；

（3）更换事务执行人。

第五条 投资的转让

1.共同投资人向共同投资人以外的人转让其在共同投资中的全部或部分股份时，须经全部共同投资人同意；

2.共同投资人依法转让其股份的，在同等条件下，其他共同投资人有优先受让的权利。

第六条 其他权利和义务

1.共同投资人不得私自转让或者处分公司的股份；

2.共同投资人在公司登记之日起一年内，不得转让其持有的股份；

3.公司成立后，任一共同投资人不得从共同投资中抽回出资额；

4.公司不能成立时，对设立行为所产生的债务和费用按各共同投

资人的出资比例分担。

第七条 违约责任

为保证本协议的实际履行，双方方自愿提供其所有的资产向对方提供担保。双方承诺在其违约并造成其他共同投资人损失的情况下，以上述财产向其他共同投资人承担违约责任。

第八条 适用法律及其他

1. 本意向书由双方在中华人民共和国*浙江省*金华市签订，适用中华人民共和国的相关法律法规。

2. 本协议未尽事宜由共同投资人协商一致后，另行签订补充协议。

3. 本协议经全体共同投资人签字盖章后即生效。本协议一式三份，共同投资人各执一份，报审批机构一份。

甲方(代表签字)：

日期：

乙方(代表签字)：

日期： 2/26/2012

Exhibit B

协　　议

签订地点：浙江*金华

甲方：浙江今飞凯达轮毂股份有限公司

乙方： Aaron, MacGregor&Associates, LLC

鉴于：

甲方系中华人民共和国境内专业的铝合金汽车铝轮生产、制造、销售企业，公司在中华人民共和国浙江省金华市设立，并申领了号码为330700400000296的营业执照。

乙方系按照美国法律设立并存续的企业，并申领了号码为20-1803119的商业登记证书，且乙方熟悉美国的经营环境，特别是印第安纳州的法律、税务、商业环境。

经甲乙双方友好协商，双方共同出资在美国注册成立FUTEUR INTERNATIONAL LLC.（中文称　美国飞驰国际有限责任公司，以下简称"公司"）。因根据中国相关法律法规，中国企业境外投资需经国家有关部门审批，审批时间约为2 3个月。为了加快公司项目的实行，经甲乙双方友好协商达成如下协议：

一、在甲方获得国家有关机关的审批之前，为提高项目推进速度，由乙方在美国先行处理公司的设立相关事宜。具体事项如下：

1、乙方在印第安纳州阿尔卡都为甲方前期派遣人员租赁用于生活办公的房屋一套，要求该房屋具有4 5个房间，水电通信设施齐全，相关费用由甲方承担；

2、租赁双排座皮卡车一辆，相关费用及责任由甲方承担；

3、在印第安纳州阿尔卡郡，寻找适合后续公司租赁需求的仓库资源；

4、在印第安纳为公司寻找合适的土地资源，以备公司后期业务开展之需要；

5、上述事项之外，由双方在后期工作开展中再行协商。

二、乙方配合甲方进行相关市场调研和客户走访工作，工作成果归公司所有。

三、适用法律及其他

1、本协议由双方在中华人民共和国*浙江省*金华市签订，适用中华人民共和国的相关法律法规。

2、本协议未尽事宜由双方协商一致后，另行签订补充协议。

3、本协议由双方代表签字后生效，公司成立并开始运营后本协议自动失效。

甲方(代表签字)：_____　乙方(代表签字)：_____

日期： 2012.7.26　　　日期： 2/26/2012

Exhibit C

From: rhongxing <rhongxing@jinfei.cn>
Subject: 今飞美国分公司运作方案建议
Date: October 27, 2012 3:09:10 AM EDT
To: apple <aaronzou@me.com>
Cc: jfgbz <jfgbz@jinfei.cn>, 冯红 <jffh@jinfei.cn>, hedongting <hedongting@jinfei.cn>, 童忆翔 <jf_xiaq@jinfei.cn>

邹总：

您好！针对后续今飞与您这边的合作方案，我们提出如下建议，您看是否合理：

1、将Future International LLC 转给今飞100%拥有，今飞与您签订咨询服务协议，服务内容包括：当地房车、拖车轮市场销售咨询，当地法律、财务、政府部门、税务部门相关事务的支持，以及未来仓库、土地购买事务的协助；邹总每周抽一定时间与今飞美国分公司人员见面讨论以上相关事宜；今飞每月支付给邹总4000美元服务费，协议期一年、一年后双方再行协商是否续约；

2、关于公寓，您先帮我们退掉，夏晞他们还是喜欢住到SOUTH BEND去，那边热闹一些，他们自己别的地方公寓也去看过了，说条件也还不错，这个就麻烦他们吧；

3、关于汽车，您还是帮我们续掉，等Future International LLC注册于转主部完成，将承租于从您公司转至Future International LLC，不知是否可以办理；

我们这次去美国的行程计划是11月7日晚上8：30抵达芝加哥、夏晞会提前一天抵达芝加哥，届时会去机场接机，我们租了辆商务车。自己开车去Elkhart，酒店夏晞已定，具体信息还没发我，这次设定在Essen House，等他酒店信息发给我，我再转给您。我们计划是11月8日去访Tredit Tire，Lions Head 和Americana，已经跟他们约好。您到时候要是有时间的话能够我们一起去下最好，走访完客户我们就开车前往首度，与邹总汇合，后续几天我们会去走访附近的老客户。11月12日从芝加哥启程回国；

以上若有不妥之处，请指出，谢谢！

*任洪兴-Kevin Ren*

浙江今飞凯达轮毂股份有限公司　　　　　　Zhejiang Jinfei Kaida Wheel Co. Ltd.

地址：浙江金华工业园区南华雨街800号　　　Add: No. 800, South Xianhua Street, Industrial Zone, Jinhua, Zhejiang, PRC, 321016

Tel: +86-579-82523261　　　Fax: +86-579-82523315　　Cell: +86-135-7591-2309　Web: www.jinfei.cn

From: kevin <rhongxing@jinfei.cn>
Subject: Re: 今飞美国分公司运作方案建议
Date: October 31, 2012 5:22:33 AM EDT
To: apple <aaronzou@rne.com>
Cc: jfgbz <jfgbz@jinfei.cn>, 冯红 <jffh@jinfei.cn>, hedongting <hedongting@jinfei.cn>, 蓝忆樑 <jf_xiaq@jinfei.cn>

邹总:

您好！我们同意您提出的方案，将在future international llc转让手续完成后，一次性按4000美元/月的标准向您支付2012年2月至10月的咨询费，共计3.2万美元。2012年11月至2013年11月的咨询费将按月向您支付。
我们10月8日的行程计划是:10:00点拜访Tredit tire，14:00拜访Lionshead。16:00拜访 Americana，因我们7日晚上20:30才会到达芝加哥，到Elkhart会比较晚。所以我们可以8日上午10:00在Tredit tire汇合，您看如何？

谢谢！

任洪兴
--
这是通过Aico Mail手机客户端发送的邮件。Aico Mail旨在丰富人们的沟通与生活，提供全新的移动办公体验。

apple 写到:

任总:

您好，

1. 关于AMA为今飞今后在美提供咨询服务的方案我可以接受。按照我与邹总2012年2月28日签发的"协议"。AMA已经为今飞提供了2012年2月至今的10个月的咨询服务。我认为合理的方案为，今飞一次付满2012年2月至10月的咨询费。AMA继续为今飞提供2012年11月至2013年11月的咨询服务，请确认。

2.3项可以执行。

我8日可以参加您的代表团的活动。

谢谢

邹东江
On Oct 27, 2012, at 3:09 AM, rhongxing wrote:

邹总:

您好！针对后续今飞与您达边的合作方案，我们提出如下建议，您看是否合理:

1、将Future International LLC转给今飞100%佣托，今飞与您签订咨询服务协议，服务内容包括：当地房车、拖车轮市场销售咨询，当地法律、财务、政府部门、税务部门相关事务的支持，以及未来仓库、土地购买事务的协助；邹总每周推一定时间与今飞美国分公司人员面对论以上相关事宜；今飞每月支付给邹总4000美元服务费。协议限一年，一年后双方再行协商是否续约；

2、关于公寓，您先帮我们选择，要聘他们还是签发住到SOUTH BEND去，那边热闹一些，他们自己别的地方公寓也去看过了，说条件也还不错，这个就随他们吧；

3、关于汽车，您还是帮我们续租，等Future International LLC注册手续全部完成，将承租方从您公司转至Future International LLC，不知是否可以办理；

我们这次去美国的行程计划是11月7日晚上8：30抵达芝加哥，哥哥会提前一天抵达芝加哥，届时会去机场接机。我们租了辆商务车，自己开车去Elkhart，酒店查询已定，只候信息还没发给我，这次没定在Essen House，等地酒信息给发给我。我再转给您，我们行程计划是11月8日走访Tredit Tire，Lions Head 和Americana，已经跟他们约好，您到时候是否有时间的话能陪我们一起去下最好，走访完客户我们就开车前往普度，与茜茜汇合，后续几天我们抽空去走访附近的老客户，11月12日从芝加哥启程回国；

以上若有不妥之处，请指出，谢谢！

任洪兴-*Kevin Ren*

浙江今飞凯达轮毂股份有限公司                Zhejiang Jinfei Kaida Wheel Co. Ltd.

地址: 浙江金华工业园区仙华南街800号        Add: No. 800, South Xianhua Street, Industrial Zone, Jinhua, Zhejiang, PRC.
321016

Tel: +86-579-82523261        Fax: +86-579-82523315     Cell: +86-135-7591-2309   Web: www.jinfei.cn